**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMARRI B., | ) Case No. 2:24-cv-10371-SP |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| FRANK BISIGNANO, | ) **ORDER** |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## I.

## <u>INTRODUCTION</u>

On December 2, 2024, plaintiff Amarri B. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of an application for supplemental security income ("SSI").  The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

The sole disputed issue is whether the Administrative Law Judge ("ALJ") erred in assessing plaintiff's mental residual functional capacity ("RFC").  Plaintiff's Opening Brief ("P. Brief") at 6-8; *see* Defendant's Brief ("D. Brief") at 2-4.

Having carefully studied the parties' briefs, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the RFC determination was not supported by substantial evidence.  The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's alleged disability began at birth.  AR at 258.  She completed high school via continuation school.  AR at 1067.

Plaintiff received SSI based on disability as a child.  AR at 24.  She was required by law to undergo a redetermination of eligibility when she attained age 18, and on March 15, 2022, it was determined that she was no longer disabled as of March 25, 2022.  *Id.*  The determination was upheld upon reconsideration after a disability hearing by a state agency Disability Hearing Officer.  *Id.*  Thereafter, on December 13, 2022, plaintiff requested a hearing on this claim.  AR at 205.

On December 12, 2023, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ.  AR at 47-67.  The ALJ also heard testimony from Ms. Mullinex, a vocational expert ("VE").  AR at 63-65.  On February 15, 2024, the ALJ denied plaintiff's claim for benefits.  AR at 24-40.

The ALJ applied the well-known five-step sequential evaluation process, although step one, regarding engagement in substantial gainful activity, is not used for redetermining disability at age 18, as here.  AR 25.

At step two, the ALJ found plaintiff suffered from the severe impairments of Erb's Palsy of the right upper extremity, obesity, major depressive disorder, and anxiety disorder.  AR at 26.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1.  AR at 27.

2

The ALJ then assessed plaintiff's residual functional capacity, and determined plaintiff had the RFC to perform light work but was limited to: occasional use of one upper extremity for all purposes; and simple, routine tasks.  AR at 31.

The ALJ found, at step four, that plaintiff had no past relevant work.  AR at 38.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including furniture-rental consultant, counter clerk, and usher.  AR at 39.  Consequently, the ALJ concluded plaintiff's disability ended on March 25, 2022, and she had not become disabled again since that date.  AR at 40.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied.  AR at 10-15.  The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the

3

evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Aukland*, 257 F.3d at 1035 (internal quotation marks and citation omitted).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "may not substitute its judgment for that of the ALJ." *Id.* (internal quotation marks and citation omitted).

**IV.**

**DISCUSSION**

**A.      The ALJ Erred in Assessing Plaintiff's RFC**

Plaintiff contends the ALJ erred in his RFC assessment because despite, finding the opinion of consultative examiner Megan Kain, PsyD, to be "persuasive," the RFC limiting plaintiff to simple, routine tasks does not account for plaintiff's moderate difficulty handling the normal stressors of a work environment.  P. Brief at 3-8.

Residual functional capacity is what one can "still do despite [his or her] limitations."  20 C.F.R. § 416.945(a)(1).  The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments.  20 C.F.R. § 416.945(a)(1)-(2); *see* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Among the evidence an ALJ relies on in an RFC assessment are medical evidence and opinions.  20 C.F.R. § 416.945(a)(3).  An ALJ considers the persuasiveness of the medical opinions and findings based on five factors:  (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion.  20 C.F.R. § 416.920c(b)-(c); *see Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022).  The most important of these factors are supportability and consistency.  20 C.F.R. § 416.920c(b)(2).  The ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or

4

other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(b)(2)).  The ALJ may, but is not required to, explain how she or he considered the other three factors.  20 C.F.R. § 416.920c(b)(2).  But when two or more medical opinions "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is then required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

Dr. Kain conducted a psychological evaluation of plaintiff on December 11, 2023.  AR at 1065-72.  As noted by the ALJ, Dr. Kain opined that plaintiff would have moderate difficulty: understanding, remembering, and carrying out detailed and complex instructions; maintaining persistence and pace in a normal workplace setting; and handling the normal stressors of a work environment.  AR at 37, 1071.  Dr. Kain further opined that plaintiff would have some difficulty: understanding, remembering, and carrying out short, simplistic instructions; making simplistic work-related decisions without special supervision; complying with job rules such as safety and attendance; responding to change in a normal workplace setting; and interacting appropriately with supervisors, coworkers, and peers on a consistent basis.  *Id.*

The ALJ considered and discussed the opinion of Dr. Kain.  AR at 37.  The ALJ found Dr. Kain's opinion supported by her examination of plaintiff, which noted that plaintiff was nervous and slightly anxious with low cognitive stamina, had impaired comprehension for complex tasks, had borderline to low average intellectual functioning, and had extremely low working and delayed memory.  AR at 37, 1065, 1067-70.  The ALJ also found Dr. Kain's opinion consistent with the medical evidence, which noted that plaintiff was anxious and cooperative with normal speech, had a normal thought process and content, had intact attention and concentration, had an intact memory, had intact judgment, had fair insight, and had good impulse control.  AR at 37, 801-02.  The ALJ found Dr. Kain's opinion persuasive.  AR at 37.

It is an ALJ's responsibility to translate medical opinions into concrete, functional limitations. *See Rounds v. Comm'r*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ translated claimant's condition into concrete restrictions). The translation of the limitations must be consistent or supported by the evidence in the record. *See Stubbs-Danielson*, 539 F.3d at 1174 ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."). An ALJ errs when he fails to include all credible limitations in an RFC assessment. *See Bagby v. Comm'r*, 606 F. App'x 888, 890 (9th Cir. 2015).

As an initial matter, the SSA defines a "moderate" limitation to mean "[t]here is more than a slight limitation in this area, but the individual can still function satisfactorily." *Fergerson v. Berryhill*, 2017 WL 5054690, at *3 (C.D. Cal. Nov. 1, 2017) (quoting Office of Disability Adjudication and Review, Social Security Administration, Form HA-1152-UC, Medical Source Statement of Ability to Do Work-Related Activities (Mental)). Dr. Kain did not quantify any of her moderate limitations, but because she is an SSA consultative examiner, presumably her use of "moderate" was consistent with the SSA definition. *See, e.g., see Alicia M. v. O'Malley*, 2024 WL 3304519, at *9 (C.D. Cal. Mar. 8, 2024) (consultative examiner, who did not provide another definition of "moderate," presumably used the term consistent with the SSA's definition); *Rose M. E. v. Saul*, 2021 WL 1612091, at *3 (C.D. Cal. Apr. 26, 2021) (same). Consequently, the ALJ could have reasonably understood Dr. Kain's opined moderate limitations to mean that plaintiff could still function satisfactorily in those areas.

Non-binding district court precedent in this circuit is divided over the question of whether an RFC assessment for simple, routine tasks accounts for moderate difficulty in handling the normal stressors of a work environment. Plaintiff cites three cases from the

Eastern District of California, which generally stand for the proposition that a restriction to simple, routine tasks does not account for moderate limitations in managing workplace stress:  *Slover v. Kijakazi*, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023); *Kessler v. O'Malley*, 2024 WL 1908078, at *8-9 (E.D. Cal. May 1, 2024); and *Madrigal v. Saul*, 2020 WL 58289, at *2 (E.D. Cal. Jan. 6, 2020).  In *Slover*, the court found that an RFC for simple repetitive tasks with limited public contact does not account for moderate limitations on attendance, need for special supervision, or the ability to tolerate stress. *Slover*, 2023 WL 5488416, at *4.  In *Kessler*, the court found that an RFC for simple, routine, and repetitive tasks and occasional public contact does not adequately capture a moderate limitation to adapting to change and stress.  *Kessler*, 2024 WL 1908078, at *8-9.  In *Madrigal*, the court found that an RFC for simple, routine tasks with limited peer and public contact does not account for moderate limitations in the ability to complete a normal workday or workweek, the ability to deal with stress and changes encountered in the workplace, or a moderate likelihood of emotional deterioration in a work environment.  *Madrigal*, 2020 WL 58289, at *2.

Defendant cites two cases from the Eastern District of California and one from the Central District of California, which generally stand for the proposition that a restriction to simple, routine tasks adequately accommodates moderate limitations in managing workplace stress:  *Garza v. Comm'r*, 2022 WL 2974691, at *11 (E.D. Cal. July 27, 2022); *Benjamin W. v. Kijakazi*, 2022 WL 2035971, at *1 (C.D. Cal. Feb. 8, 2022); and *Spencer v. Kijakazi*, 2022 WL 4482567, at *7 (E.D. Cal. Sept. 27, 2022), *report and recommendation adopted*, 2023 WL 184974 (E.D. Cal. Jan. 13, 2023).  In *Garza*, the court found that an RFC for simple, routine tasks, frequent interaction with supervisors and co-workers, occasional interaction with the public, and frequent changes in the workplace accommodated moderate limitations in interacting with others and adapting or managing herself.  *Garza*, 2022 WL 2974691, at *11.[1]  In *Benjamin W.*, the court found

[1]   While the *Garza* court cited cases having to do with moderate limitations in handling stress, the case itself did not concern stress limitations.  *See id.*

that an RFC for simple, routine tasks, no more than occasional interaction with supervisors, superficial interaction with coworkers, and no public contact adequately incorporated moderate limitations in coping with workplace stress. *Benjamin W.*, 2022 WL 2035971, at *1. In *Spencer*, the court found that an RFC for simple work, simple decision-making, no more than occasional contact with the general public, coworkers and supervisors, and routine changes in the workplace accounted for marked impairment in the ability to deal with the usual stress encountered in the workplace. *Spencer*, 2022 WL 4482567, at *3, 6.

Without binding precedent to consider, the court declines to find that a simple, routine tasks limitation can never adequately account for moderate workplace stress limitations. But in this case, where there is nothing but the ALJ's limitation of plaintiff to simple, routine tasks that might account for plaintiff's moderate difficulty in handling normal workplace stress, the limitation is insufficient.

The line of cases cited by defendant found that a simple, routine tasks limitation may account for moderate workplace stress limitations when considering other factors, such as the RFC's additional restrictions and whether other medical opinions found persuasive by the ALJ contain similar limitations and assessments of the type of tasks those claimants could perform. *See Benjamin W.*, 2022 WL 2035971, at *1; *Spencer*, 2022 WL 4482567, at *7; *see also Jakob P. v. Dudek*, 2025 WL 974294, at *4-5 (C.D. Cal. Mar. 31, 2025) (finding RFC for understanding, remembering, and carrying out simple instructions; occasional contact with the public, coworkers, and supervisors; and occasional changes in a routine work setting adequately accounts for moderate limitations in dealing with the usual stress in competitive work settings because the ALJ could have reasonably understood the doctor's opined moderate limitations to mean that plaintiff could still function satisfactorily, and the state agency physicians opined moderate limitations similar to those opined by the consultative psychologist and limited plaintiff to work with the restrictions the ALJ later assessed in the RFC); *Alexander R. v. O'Malley*, 2024 WL 3556161, at *5 (C.D. Cal. July 26, 2024) (finding RFC limitation to

simple, routine tasks, no interaction with the general public, and occasional interaction with coworkers accounts for moderate limitation in dealing with stress in a competitive work environment); *Xiong v. Kijakazi*, 2022 WL 2119029, at *13-16 (E.D. Cal. June 13, 2022) (finding RFC limitation to simple, routine tasks, no work in an environment louder than a typical office, occasional social interaction, and routine work-related decision-making accounts for moderate limitation in handling work-related stressors because ALJ included "concrete restrictions here beyond simple/routine tasks"); *de los Santos v. Kijakazi*, 2022 WL 1541464, at *5-7 (E.D. Cal. May 16, 2022) (finding "the combination of a limitation to simple and routine tasks, and a ten-minute break every two hours, was a reasonable translation of [doctor's] opinion that Plaintiff was moderately limited in his ability to complete a normal workday/workweek without interruptions from a psychiatric condition, and deal with work stressors").

In a somewhat more recent case, the court "recognize[d] that the weight of recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contacts accounts for limitations in social interactions, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors." *Crellin v. Comm'r Soc. Sec.*, 2025 WL 2432589, at *9 (E.D. Cal. Aug. 22, 2025) (collecting cases). That court nonetheless determined the assessed RFC adequately accounted for the plaintiff's "moderate limitation in the ability to deal with usual stress," where the RFC limited plaintiff to, inter alia, simple tasks, only occasional interaction with supervisors and co-workers, and no work with the general public. *Id.* Here, by contrast, the only mental RFC restriction was to simple, routine tasks.

Thus, remand is appropriate here because even under the line of cases cited by defendant, the court cannot find that the ALJ's limitation of plaintiff to simple, routine tasks adequately encompasses her moderate limitation in handling workplace stress. First, the ALJ did not include additional mental restrictions that could reasonably account for moderate workplace stress limitations. Second, neither Dr. Kain nor a state agency

9

doctor opined that plaintiff could perform simple, routine tasks notwithstanding a moderate limitation in handling workplace stress.[2]  AR at 843-45, 1070-71; *cf. Rogers v. Comm'r of Soc. Sec. Admin.*, 490 F. App'x 15 at \*17 (9th Cir. 2012) (finding RFC for simple, routine tasks accommodated doctor's moderate mental limitations where that doctor concluded that the claimant could perform simple work, despite those limitations). The court finds that on this record, the ALJ erred by not explaining his rationale for rejecting the moderate limitation regarding stressors or incorporating the limitation into the RFC.

Defendant argues that any error is harmless because the identified jobs at step five have a specific vocational preparation (SVP) time of 2, which corresponds to unskilled work.  D. Brief at 3.  But given that the ALJ did not include Dr. Kain's assessed moderate limitation in handling the normal stressors of a work environment in the hypothetical question to the VE, the court cannot find that the error was harmless.[3]  While moderate limitations are not per se disabling, they may translate into concrete work restrictions, which when considered in connection with plaintiff's other restrictions may render the claimant disabled.  *See Corrales v. Kijakazi*, 2022 WL 2292065, at \*6 (E.D. Cal. Jun. 24, 2022); *Wiles v. Berryhill*, 2017 WL 5186333, at \*3 (C.D. Cal. Nov. 8, 2017); *see also Adkins v. Berryhill*, 2018 WL 4735714, at \*4 (C.D. Cal. Sept. 28, 2018) (finding error was not harmless because, in failing to either expressly reject or incorporate physician's restrictions into RFC or the hypothetical questions posed to the VE, the VE's opinion regarding claimant's ability to perform work lacked evidentiary value).

---

[2]  The state agency doctor opined that plaintiff could perform simple, routine tasks despite moderate limitations in some categories of sustained concentration and persistence and adaptation.  AR 843-44.

[3]  At the time of the hearing, the ALJ was unaware of Dr. Kain's opinion, since the evaluation occurred on the day before the hearing and she had not yet submitted her evaluation report.  AR at 50, 65, 1065.

**B.    Remand Is Appropriate**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Typically, in accordance with the "ordinary remand rule," the reviewing court will remand to the Commissioner for additional investigation or explanation upon finding error by the ALJ. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). Nonetheless, it is appropriate for the court to exercise its discretion to direct an immediate award of benefits where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). In addition, the court must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, plaintiff requests remand for further proceedings (P. Brief at 8), and the court agrees remand is appropriate. On remand, the ALJ shall reassess plaintiff's RFC, either providing restrictions to account for Dr. Kain's opined moderate limitation in handling the normal stressors of a work environment or explaining why he rejected the moderate limitation in assessing the RFC. The ALJ shall then proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

11

## V.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: March 28, 2026

_____
SHERI PYM
United States Magistrate Judge